```
                                                        RECEIPT #_____
                                                        AMOUNT $_____
                                                        SUMMONS ISSUED  Y-1
       UNITED STATES DISTRICT COURT                     LOCAL RULE 4.1_____
     FOR THE DISTRICT OF MASSACHUSETTS                  WAIVER FORM_____
                                                        MCF ISSUED_____
                                                        BY DPTY. CLK._____
                                                        DATE____8-23-04___
```

TERESA CARVALHO,                )
        PLAINTIFF       )
                        )
V.                              )   Civil Action No.
                        )
EXPERIAN INFORMATION SOLUTIONS, INC. )
        DEFENDANT       )

04

## COMPLAINT

MAGISTRATE JUDGE _____

### PRELIMINARY STATEMENT

1. Teresa Carvalho (the "Plaintiff") brings this civil action against Experian Information Solutions, Inc. ("Experian") and, upon information and belief, states follows:

### JURISDICTION AND VENUE

2. Plaintiff files this pleading in the United States District Court for the District of Massachusetts under § 28 U.S.C. 1331 and 15 U.S.C. § 1681p jurisdiction of courts; limitation of actions of the Act, stating "an action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises."

3. The Plaintiff brings this action for damages based upon Experian's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, costs, and potential attorney fees.

## PARTIES

4. The Plaintiff is an individual who resides at 346 Buffinton Street, Somerset, Massachusetts 02726, has been for three months immediately prior to filing this action.

5. Experian, a consumer reporting agency, is a foreign corporation authorized to do business in Bristol County, State of Massachusetts.

6. Plaintiff and Defendants have conducted business in Bristol County, State of Massachusetts. Venue properly lies in the State of Massachusetts, pursuant to 28 U.S.C § 1391b.

## TRIAL BY JURY

7. Plaintiff, Teresa Carvalho, Pro Se, is entitled to and hereby requests a trial by jury. U.S. amend. 7, Fed. R. Civ. Pro. 38.

## FACTUAL ALLEGATIONS

8. Experian maintains information regarding Plaintiff's credit history from Plaintiff's creditors in a credit file.

9. Upon information and belief, Experian provides Plaintiff with a credit file that is inaccurate, incomplete and misleading.

10. Experian produces credit reports based on the information received in Plaintiff's credit file and provides said reports to Plaintiff, Plaintiff's creditors and/or potential creditors as well as resellers of credit reports such as Fair Isaac Corporation.

11. Experian is re-aging tradelines and mischaracterizing tradelines by concealing and/or changing important dates and histories, and reporting tradelines in such a way as to inflict injury to Plaintiff's reputation and credit worthiness.

12. Experian is reporting Plaintiff's credit information in an unfair and deceptive manner by choosing to report only recent dates in an effort portray Plaintiff's credit worthiness in the most negative light.

13. Fair Isaac Corporation assesses risk scores lenders and potential lenders use to determine the creditworthiness of an individual based on information contained in their files received by Experian regarding the history of a tradeline.

14. FICO's scores are used by lenders and potential lenders determine the <u>current</u> risk and credit worthiness of an individual.

15. FICO is assessing artificially-low credit scores using the status date provided by Experian.

16. Experian's representatives have informed Plaintiff that FICO is using the incorrect dates.

17. Plaintiff cannot determine what information Experian provides to FICO, because Experian conceals the date of delinquency, original charge-off dates, and in some cases the entire account history on tradelines in reports provided to Plaintiff.

18. Experian knows, or should know, that it is inaccurate to provide to FICO a status date in 2004 when the date of delinquency on a tradeline is 1999, resulting in an extremely negative effect on Plaintiff's credit score assessed by FICO.

19. Experian has been informed several times by Plaintiff that they are using inaccurate dates when reporting tradelines yet they refuse to consider any information provided by Plaintiff to correct the inaccurate information, mischaracterization and re-aging of tradelines.

20. Upon information and belief, Experian provides Plaintiff's creditors, potential creditors and resellers of credit reports, with Plaintiff's credit information that is inaccurate, incomplete and misleading.

21. Experian's reporting practices include inserting the date of dispute filed by Plaintiff into the "reported since," "recent balance/recent payment," "status," and "account history" sections of Plaintiff's consumer credit file.

22. Experian's reporting practices include inserting the date of dispute filed by Plaintiff into aged, negative information such as a charge-off as "charge-off as of (date of dispute)."

23. Experian conceals previous charge-off dates and historical data contained in their files and inserts the date of the dispute filed by Plaintiff as the only charge-off date (i.e., "charge-off as of (date of dispute)," effectively re-aging the charge-off date by concealing the original charge-off date.

24. Experian inserts the date of dispute into the account history of a tradeline without conducting any investigation as required by the Fair Credit Reporting Act.

25. Experian willfully and wantonly re-aged the Capital One, Account No. 529107139153 ("the Capital One 153 Tradeline") by concealing the original reported since date, charge-off date and account history and reporting a reported since date of 4-2001 and an account history of "charge off as of 4-2001." Experian's representative informed Plaintiff that Experian has the date of delinquency as February 1998 in their files as well as the original charge-off date in 1998, yet Experian refuses to correct the tradeline.

26. Experian willfully and wantonly re-aged the Capital One, Account No. 529107141616 ("the Capital One 616 Tradeline") by concealing the account history showing the original charge-off date in 1999 and inserting "charge off as of 4-2001" as the status. Experian's representative informed Plaintiff that Experian has the date of delinquency as January 1999 in their files as well as the original charge-off date in 1999, yet Experian refuses to correct the tradeline.

27. Experian willfully and wantonly re-aged the Beneficial/HFC, Account No. 52017021 ("Beneficial Tradeline") by deleting the previously reported charge-off dates going back to 2000 and replacing them with the words "charge off as of 3-2004 to 6-2004," and by changing the "reported since" date from 11-1997 to 3-2004.

28. After numerous disputes filed by Plaintiff regarding results of purported investigations conducted by Experian, the Beneficial Tradeline has since by updated to reflect an accurate status and balance, however, the "reported since" date remains inaccurate causing the tradeline to appear more recent than it actually is. Experian possesses the accurate date the tradeline has been reported since, yet conceals the accurate date and inserts the status date.

29. Experian willfully and wantonly re-aged the Fleet, Account No. 442887482000 ("Fleet Tradeline") by inserting "charge-off as of 5-2003." Experian has been informed numerous times that this account was not charged-off in 2003, yet they refuse to correct the tradeline or reinvestigate.

30. Experian willfully and wantonly re-aged the Macy's, Account ("Macy's Tradeline") by inserting "charge-off as of 11-2003." Experian has been informed numerous times that this account was not charged-off in 2003, yet they refuse to correct the tradeline or reinvestigate.

31. Experian has caused harm to Plaintiff's credit worthiness and reputation by producing and reselling credit reports that are inaccurate, unfair and deceptive by concealing dates of delinquency and original charge-off dates in an effort to report Plaintiff's credit file in the most negative light.

32. Plaintiff informed Experian in January 2004, that the Capital One Capital One 616 Tradeline and the Capital One 153 Tradeline were incorrect.

33. On May 17, 2004, Plaintiff called Experian and spoke to a representative by the name of Alicia (with no last name and no badge number). When Plaintiff questioned the change in the "reported since" date on the Beneficial Tradeline, Alicia told her, "if a creditor hasn't reported for some time and then reports again, the reported since date will change." When Plaintiff pointed out that Experian's own website states that a reported since date is the date the creditor first reported the account to Experian, Alicia stated that was incorrect. Alicia also stated that reporting a tradeline as a charge-off years after the original charge-off is correct, because "if an account is charged-off in 1998, it is still a charge-off in 2004."

34. Alicia also informed Plaintiff that Plaintiff could not dispute any information regarding the Capital One 616 Tradeline, the Capital One 153 Tradeline, or the Beneficial Tradeline again because they were previously investigated.

35. Experian did not notify Plaintiff that the disputed Capital One 616 Tradeline, the Capital One 153 Tradeline, or the Beneficial Tradeline could not be reinvestigated because the disputes were determined by Experian to be irrelevant or frivolous; rather, Experian simply informed Plaintiff that disputed tradelines could not be reinvestigated because they had been previously investigated.

36. Plaintiff contacted Capital One and Beneficial directly in an effort to obtain the accurate status and balance of each tradeline.

37. Beneficial sent a letter to Plaintiff in response to Plaintiff's request stating that the account had been sold in August 2000.

38. Capital One sent a letter to Plaintiff in response to Plaintiff's request stating that the Capital One 616 Tradeline had been charged off in September 1999 and the Capital One 153 Tradeline had been charged off in August 1998.

39.     During May and June 2004, Plaintiff called Experian repeatedly pointing out the impact of Experian reporting only the status date and not reporting the actual charge-off date or any other historical information. Experian's customer service representatives repeatedly informed Plaintiff that the information being reported were investigation results received by Capital One and Beneficial.

40.     Upon information and belief, Experian did not conduct the investigations in the manner required by the FCRA with respect to the Capital One Tradelines, the Fleet Tradeline, the Macy's Tradeline, nor the Beneficial Tradeline.

41.     Plaintiff called Experian in July 2004 and spoke with a customer service representative who informed Plaintiff that Beneficial had reported the charge-off date of "3/2004" in March, May and again in June 2004.

42.     Plaintiff informed Experian's customer service representative that Beneficial had sent a letter to Plaintiff stating that the account was sold in 1999, and that Plaintiff did not believe an investigation had been conducted by Experian, because Beneficial was very cooperative in informing Plaintiff through a letter and numerous phone calls of the accurate status and balance of the tradeline. Plaintiff did not believe that Beneficial would inform Plaintiff in writing of the accurate status and balance, yet report completely different and inaccurate information to Experian.

43.     Experian's customer service representative informed Plaintiff that Plaintiff should file a complaint with the Federal Trade Commission who would "find out who is telling the truth, Experian or Beneficial."

44. Plaintiff immediately called Beneficial and spoke with Jeannette Brown who placed a conference call with Plaintiff on the line to Experian in an attempt to correct the inaccurate information Experian was reporting.

45. Experian's customer service representative stated that he could not accept any information over the phone from Beneficial, and suggested that Plaintiff send to Experian a copy of the letters from Beneficial and Capital One because the information would be processed within 30 days, as opposed to asking Beneficial and Capital One to resend their information, which could take up to 60 days to be processed.

46. Plaintiff sent a letter to Experian in July 2004, enclosing copies of the letters received from Beneficial and Capital One correcting the status of all three tradelines. Experian received Plaintiff's letter on July 12, 2004, according to Federal Express Tracking No. 791884020651.

47. Plaintiff also sent a letter to Experian's registered agent in Massachusetts, CT Corporation, informing them that copies of the Capital One and Beneficial letters were sent to Experian and requesting immediate correction of the tradelines.

48. Experian sent Plaintiff an updated report dated July 14, 2004, stating that the Beneficial Tradeline was not found, and that the Capital One tradelines would remain on Plaintiff's credit report for seven years from the "initial missed payment that led to the delinquency," yet did not state either the date of the initial missed payment that led to the delinquency nor the date of seven years from that date. Experian was non-responsive regarding the letters from Beneficial and Capital One.

49. Experian sent an updated credit report to Plaintiff dated August 13, 2004, with a note that the Capital One 616 Tradeline "remains."

50. Experian has refused to consider any information provided by Plaintiff in an effort to correct inaccurate, inconsistent and misleading reporting, including letters from the creditors themselves or past reports produced by Experian.

51. Plaintiff contacted Experian on August 18, 2004, and questioned why the Capital One tradelines had not been corrected based on the copy of the letter from Capital One that was sent to Experian. Experian's customer service representative informed Plaintiff that the tradelines would not be updated to reflect the original charge-off dates because, according to their records, the status date is correct on each of the tradelines.

52. Experian is well aware that, while negative information will be reported for seven years from the date of delinquency, the impact of negative information on an individual's credit worthiness and risk scores lessens over time.

53. Experian's reporting practice of mischaracterizing negative information by concealing the date of delinquency and/or original charge-off date and include only a recent status date (usually the date of dispute) insures that any negative information, no matter how old, will never lessen over time and will continue to have an enormous impact throughout the entire seven-year reporting period.

54. Plaintiff contends that it is inaccurate and misleading to conceal any dates of delinquency, original charge-off dates or other dates upon which any negative characterization can be determined, and provide only the most recent status date.

55. Plaintiff contends that Experian punishes the Plaintiff for exercises her right to dispute inaccurate information and mischaracterizes her credit information by concealing historical information and inserting the recent date of dispute into a tradeline.

56. Plaintiff contends that Experian's mischaracterization of her credit information causes injury and harm to her reputation and results in repeated denials by potential creditors.

57. Plaintiff contends that by Experian updating the date of status and concealing the dates of delinquency and/or original charge-off dates insures virtually no difference in the impact on the credit worthiness of an individual with an account that was charged-off six years ago and one that was charged-off 30 days ago.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 603
## (15 U.S.C. § 1681a)

58. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-57 herein.

59. Experian fails to provide, "all of the information in the consumer's file at the time of the request."

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 607
## (15 U.S.C. § 1681e)

60. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-59 herein.

61. Experian fails to follow reasonable procedures to assure maximum possible accuracy by replacing the original charge-off date on several tradelines with the most recent status date, (the date of dispute), which is wholly inaccurate and deceptive and causes an extremely negative impact on a Plaintiff's credit worthiness and reputation.

62. Experian fails to follow reasonable procedures to assure maximum possible accuracy by concealing information and dates it has and reporting and publishing incomplete, misleading, and inaccurate information.

63. Experian fails to follow reasonable procedures to assure maximum possible accuracy by re-aging tradelines. The FCRA establishes a date certain to begin the

reporting period on accounts (seven years). Experian ignores the FCRA requirements by inserting a date of dispute as a charge-off date.

64. Experian fails to follow reasonable procedures to assure maximum possible accuracy by punishing the Plaintiff for filing disputes by inserting the date of dispute into an account history, without actually receiving that date from the original creditor.

65. Experian fails to follow reasonable procedures to assure maximum possible accuracy by inserting false information into Plaintiff's credit file by inserting the date of dispute into an account history.

66. Experian fails to follow reasonable procedures to assure maximum possible accuracy by changing a "reported since" date to a more recent date.

67. Experian fails to follow reasonable procedures to assure maximum possible accuracy by failing to report information in a manner that is fair and equitable to the Plaintiff.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 609
## (15 U.S.C. § 1681g)

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-67 herein.

69. Experian fails to provide all information in Plaintiff's file.

70. Experian fails to provide a written summary of all of the rights the consumer has under this section.

71. Experian fails to provide an explanation of how the consumer may exercise their rights under this section.

72. Experian fails to provide all dates included in the file.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 610
## (15 U.S.C. § 1681h)

73.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-72 herein.

74.   Experian failed to provide trained personnel to explain information furnished.

## COUNT V
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 611
## (15 U.S.C. § 1681i)

75.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-74 herein.

76.   Experian failed to provide prompt notice of a dispute to a furnisher of information, including all relevant information regarding the dispute that Experian received.

77.   Experian failed to consider relevant information submitted by the Plaintiff to correct inaccurate reporting.

78.   Experian failed to correct or delete inaccurate or unverifiable information.

79.   Experian failed to reinvestigate certain items in Plaintiff's report without providing the required notice determining disputes to be frivolous or irrelevant.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 616
## (15 U.S.C. § 1681n)

80.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-79 herein.

81.   Experian is willfully reporting inaccurate, misleading, unverifiable and fraudulent information when it knows or should know that the information being reported is inaccurate, misleading, unverifiable and fraudulent.

82. Experian willfully falsely claimed that investigations were conducted when in fact they were not. Plaintiff conducted investigations in conjunction with Experian's purported investigations and received different information than Experian stated they received.

### COUNT VII
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 617
### (15 U.S.C. § 1681o)

83. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-82 herein.

84. Experian is knowingly and negligently reporting inaccurate, misleading, unverifiable and fraudulent information when it knows or should know that the information being reported is inaccurate, misleading, unverifiable and fraudulent.

### COUNT VIII
### DEFAMATION

85. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-84 herein.

86. Experian's willfully negligent reporting practices and failure to correct and/or delete inaccurate, misleading, unverifiable and fraudulent information resulted in Plaintiff's inability to obtain credit.

87. Experian's willfully negligent reporting practice of publishing recent, artificial dates, status and history that are false or that Experian has no factual basis for publishing, is malicious, willful, wanton and without regard to Plaintiff's just rights.

### COUNT IX
### LOSS OF OPPORTUNITY

88. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-87 herein.

89. Experian's willfully negligent reporting practices and failure to correct and/or delete inaccurate information resulted in Plaintiff having aged negative information having more of an

impact than it should, therefore making it impossible to obtain credit and take advantage of the historically low interest rates.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant:

a)   statutory damages in the amount of $5,000 from Experian;

b)   real damages in the amount of $9,000. Plaintiff was denied for credit from Citifinancial, Pottery Barn and Lockheed Federal Credit Union based on reports produced by Experian. Plaintiff contends that one or more actions by Experian resulted in the denials.

c)   punitive damages in the amount of $50,000 from Experian;

d)   injunctive relief as provided by 15 U.S.C §1681 of permanent removal of inaccurate information;

e)   any attorney fees if applicable; and

f)   costs.

Dated this 22nd day of August, 2004.

Teresa Carvalho
346 Buffinton Street
Somerset, MA  02726
(508) 676-9763
(pro se)

14

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Teresa Carvalho

## DEFENDANTS
Experian Information Solutions, Inc.

(b) County of Residence of First Listed Plaintiff: **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

04

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 470 Racketeer Influenced and |
| ☐ Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | LABOR | SOCIAL SECURITY | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party | ☒ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Multiple violations of the Fair Credit Reporting Act (15 U.S.C. §1681)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 164,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER 04CV11604PBS

DATE 8/23/04
SIGNATURE OF ATTORNEY OF RECORD
Teresa Carvalho
Teresa Carvalho, Pro Se

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Teresa Carvalho v. Experian Information Solutions, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Carvalho v. Equifax Information Services, LLC     No. 04CV11604PBS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Teresa Carvalho, Pro Se
ADDRESS   346 Buffinton Street, Somerset, MA  02726
TELEPHONE NO.   (508) 676-9763

(Coversheetlocal.wpd - 10/17/02)